UNITED STATES BANKRUPCY COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION – FLINT

IN RE:

MICHAEL N. HERBERT and  
LORI A. HERBERT,

Debtors.

Case No. 13-31453-dof  
Chapter 13 Proceeding  
Hon. Daniel S. Opperman

_____/

OPINION REGARDING OBJECTION OF
AMERICREDIT FINANCIAL SERVICES, INC. TO CHAPTER 13 PLAN OF DEBTORS

Introduction

Under the Bankruptcy Code, a chapter 13 debtor may not receive a discharge of his debts if he "received a discharge . . . in a case filed under chapter 13 of this title during the 2-year period preceding" the filing of his chapter 13 petition. 11 U.S.C. § 1328(f). The Debtors filed this chapter 13 case more than two years after they filed an earlier chapter 13 case, but less than two years after the bankruptcy court issued their chapter 13 discharge in that previous case. The issue before the Court is whether the two-year clock runs from the date they filed the previous chapter 13 petition or the date they received the discharge. For the reasons stated in this Opinion, the Court overrules the objection of AmeriCredit Financial Services, Inc. ("AmeriCredit").

Procedural Background and Facts

On December 21, 2010, Michael and Lori Herbert ("Debtors") filed a voluntary chapter 13 bankruptcy petition. The bankruptcy court granted them a discharge on March 2, 2012.

On April 22, 2013, the Debtors filed a second chapter 13 bankruptcy petition. The Debtors filed their proposed chapter 13 plan on that same date. On May 10, 2013, Creditor

1

AmeriCredit filed an Objection to Confirmation of the proposed chapter 13 plan, arguing, in part, that the Debtors are not eligible for a discharge in this chapter 13 case under 11 U.S.C. § 1328(f)(2).[1]

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L) (confirmations of plans).

All issues before the Court arise out of Title 11 of the United States Code and are therefore within this Court's jurisdiction pursuant to *Stern v. Marshall*, 131 S. Ct. 2594 (2011), and later by the Sixth Circuit Court of Appeals in *Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012).

## Discussion

11 U.S.C. § 1328(f) provides:

(f) Notwithstanding subsections (a) and (b), the court shall not grant a discharge of all debts provided for in the plan or disallowed under section 502, if the debtor has received a discharge—

> (1) in a case filed under Chapter 7, 11, or 12 of this title during the 4–year period preceding the date of the order for relief under this chapter, or
>
> (2) in a case filed under chapter 13 of this title during the two year period preceding the date of such order.

In the case of *In re Sanders*, the Sixth Circuit Court of Appeals addressed the issue of whether, under 11 U.S.C. § 1328(f)(1), the four-year "forbidden window" clock runs from the date the debtor filed a previous chapter 7 petition or the date the debtor received a discharge. *In*

---

[1] This argument was raised with regard an interest rate issue. The proposed plan provides that the Debtors would pay 6% interest on their vehicle loan instead of the 17% contractual interest rate. The issue presented here, whether the Debtors are eligible for a chapter 13 discharge, directly relates to the interest rate issue. The parties have indicated that they would be able to resolve the interest rate issue after the Court decides the discharge issue.

*re Sanders*, 551 F.3d 397(6th Cir. 2008). In that case, the Court concluded that the four-year prohibition provided in § 1328(f)(1) began on the date the debtor filed his first petition, not on the date he received his first discharge. The Court conducted a thorough analysis of § 1328(f) and stated:

> As we see it, the four-year prohibition began when Sanders filed his first petition, not when he received his first discharge. In reaching this conclusion, we start with a point of grammar-that "[w]hen a word such as a pronoun points back to an antecedent or some other referent, the true referent should generally be the closest appropriate word," Bryan A. Garner, *Garner's Modern American Usage* 523-24 (2003); *see also* 2A Norman J. Singer & J.D. Shambie Singer, *Sutherland Statutes and Statutory Construction* § 47:33 (7th ed.2007). Consistent with this principle, the courts ordinarily assume that "a limiting clause or phrase ... modif[ies] only the noun or phrase that it immediately follows." *Barnhart v. Thomas,* 540 U.S. 20, 26, 124 S.Ct. 376, 157 L.Ed.2d 333 (2003). Although not an "absolute" imperative, the "rule of the last antecedent" creates at least a rough presumption that such qualifying phrases attach only to the nearest available target. *Id.* (internal quotation marks omitted).
>
> Read with this rule in mind, § 1328(f)(1)'s pieces fit sensibly together, each phrase modifying the one that comes before it and each phrase having an independent task to do. The "in a case filed under" phrase that begins subsection (f)(1) modifies "received a discharge," and the phrase that frames the four-year window-"during the 4-year period preceding [the second petition]"-modifies the "filed under" fragment that comes immediately before it. 11 U.S.C. § 1328(f)(1); *cf. Branigan v. Bateman* (*In re Bateman*), 515 F.3d 272, 277-78 & n. 8 (4th Cir.2008) (concluding that reading the nearly identical language of § 1328(f)(2) the same way "gives effect to the logical sequence of the language used," because under this reading "[a]ll words are given effect" and "[n]o punctuation needs to be added or deleted" to make sense of the statute) (internal quotation marks omitted). The upshot is this: A debtor may not receive a discharge under chapter 13 if he already received a discharge under chapter 7 and the two cases were filed less than four years apart.
>
> Carroll's contrary construction-that the four-year window begins on the date of the first discharge-requires reading "during the 4-year period" as reaching back to the phrase "received a discharge" in subsection (f)'s opening clause. But she points to nothing in the statute to rebut the last-antecedent presumption. Congress no doubt could have worked around this grammatical rule had it wished, *see Bateman,* 515 F.3d at 278 & n. 8, but we see nothing in the section to justify dispensing with this default rule of interpretation.

Besides honoring the last-antecedent rule, this construction of the statute has another virtue: It avoids reading the word "filed" out of the statute. Had Congress meant to adopt a discharge-to-filing rule, it could have satisfied that objective "by omitting the word 'filed' entirely" from the provision. *Id.* at 278. The clipped phrase ("a case under") would perform the very function that Carroll contends "in a case *filed* under" accomplishes: denoting the chapter under which the debtor filed his petition. Throughout the Bankruptcy Code, Congress has deployed the "a case under" phrase to perform that same function. *See, e.g.,* 11 U.S.C. §§ 103(a)-(k), 105(d)(2)(B), 321(a), 502(a), 706(a)-(d), 1141(d)(3)(C), 1302(b)(3), 1517(d). Carroll offers no explanation why Congress would have added the word "filed" to § 1328(f)(1) when a more familiar phrase, which does not include the term, would have achieved the same objective. Nor does Carroll's reading offer any role for "filed" to play in the statute, save for superfluity, a result we must resist where possible. *See, e.g., Mountain States Tel. & Tel. Co. v. Pueblo of Santa Ana,* 472 U.S. 237, 249, 105 S.Ct. 2587, 86 L.Ed.2d 168 (1985).

*Sanders*, 551 F.3d at 399-400.

In addressing the argument that the "filing-to-filing" approach would turn § 1328(f)(2) into a nullity, the Court in *Sanders* stated:

> Carroll is short on specifics, but the argument as articulated by the bankruptcy court runs as follows: Subsection (f)(2) imposes a two-year ban on successive discharges under chapter 13. But most chapter 13 cases resulting in discharges last three to five years. The Code, indeed, requires a proposed chapter 13 repayment plan to span at least three years unless the debtor (by arrangement or later good fortune) repays all of his unsecured debts in less time. *See* 11 U.S.C. § 1325(b)(4)(A)(i), (B). So if the two-year prohibition begins when the first petition is filed, § 1328(f)(2)'s bar will affect very few cases. In most cases where a debtor *does* obtain a chapter 13 discharge in less than two years, moreover, the debtor would have satisfied the creditors' claims, and such "creditor[s] would not merit or need any additional protection in the event of a subsequent chapter 13 case." JA 15. Rather than adopt a reading that would effectively erase (f)(2) from the statute, the bankruptcy court construed (f)(1) to start the clock on the date of discharge.
>
> No doubt, we are reluctant to construe a statute in a way that renders it a nullity or, worse, an absurdity. *See Mountain States Tel. & Tel.,* 472 U.S. at 249, 105 S.Ct. 2587. But we see no danger of that being the case here. *Cf. Bateman,* 515 F.3d at 279 (rejecting the same argument). Even if we assume (without deciding) that § 1328(f)(2) creates the same filing-to-filing rule we read § 1328(f)(1) to impose, neither Carroll nor the bankruptcy court suggests that there can *never* be a case in which § 1328(f)(2) would apply. A debtor who receives a "hardship discharge" under § 1328(b), for example, could readily fall within § 1328(f)(2)'s limits. *See* 8 *Collier on Bankruptcy* ¶ 1328.06[2]. So can a debtor

4

who repays all of his debts in under two years, either by sticking to the terms of a repayment plan that provides for paying off all the debtor's unsecured debts in two years or less, *see* 11 U.S.C. § 1325(b)(4), or by agreeing to a longer repayment term but then refinancing the debt and paying off the chapter 13 plan early, *see, e.g., Graves,* 2007 WL 1075108, at *7. Nor would it be absurd to apply the two-year no-filing rule to such a debtor: The old creditors he repays may have no stake in preventing the debtor's default down the road, but the debtor's new creditors surely do, and Carroll offers no reason why Congress could not have had those creditors in mind when it enacted § 1328(f)(2) to discourage serial chapter 13 discharges.

Although these examples show that, even under a filing-to-filing construction, § 1328(f)(2) will apply in some cases, we must acknowledge that these cases will be few and far between. At oral argument, the parties agreed that the percentage of chapter 13 debtors who obtain a discharge in less than two years is small-no more than 5% and perhaps no more than 1%. Even where § 1328(f)(2) applies, moreover, the provision likely will make little difference: Under a filing-to-filing rule, the provision requires a chapter 13 debtor who has obtained a discharge in under two years to wait just for the remainder of the 24-month window (which began on the date of the first filing), and that will often amount to just a few additional months. Although Congress has some reason to restrict duplicative discharges in this setting, it is not the kind of setting that one naturally would expect Congress to target. Such cases after all involve either a debtor who cannot pay his debts due to circumstances beyond his control (a prerequisite for a hardship discharge) or one who has satisfied all of his unsecured creditors' claims quickly.

*Sanders*, 551 F.3d at 401-02.

Although the Court is *Sanders* was discussing the statute's "forbidden window" in the context of § 1328(f)(1), there is no reason that same analysis should not apply in the context of § 1328(f)(2). Sections 1328(f)(1) and (2) are written as a single sentence and are connected by the conjunction "or," and it would be illogical to apply differing standards for determining the start of the "forbidden window" provided for in those two sections. Other courts have reached this same conclusion. *See In re Bateman*, 515 F.3d 272, 280 (4th Cir. 2008) (holding that § 1328(f)(2)'s two-year time-out between obtaining discharged under chapter 13 begins on the date the first petition is filed, not when the debtor receives the first discharge); *In re Gagne*, 394 B.R. 219, 230 (B.A.P. 1st Cir. 2008) ("[T]he provisions of the statute dictate that the period between

5

the first and second cases must be calculated as written, from the date of filing to the date of filing.").

Accordingly, the Court concludes that the filing-to-filing approach should be applied to determine the "forbidden window" set forth in § 1328(f)(2), and, because the Debtors filed their prior chapter 13 petition more than two years before initiating this chapter 13 proceeding, the Debtors are eligible for a discharge in this case.

Counsel for the Debtors is directed to prepare an Order consistent with this Opinion and the rules of presentment of orders.

**Signed on July 29, 2013**

                                          **/s/ Daniel S. Opperman**
                                          **Daniel S. Opperman**
                                          **United States Bankruptcy Judge**